UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRUCE TERRELL,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF PETALUMA, et al.,<br><br>    Defendants. | Case No. 22-cv-05411-AMO<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR JUDGMENT ON THE PLEADINGS WITH LEAVE TO AMEND**<br><br>Re: Dkt. No. 38 |

Before the Court is Defendants' motion for judgment on the pleadings. The motion is fully briefed and suitable for disposition without hearing pursuant to Civil Local Rule 7-1(b). Accordingly, the Court VACATES the hearing currently set for September 8, 2023. Having considered the parties' papers, the relevant legal authority, and good cause appearing, the Court GRANTS the motion IN PART and DENIES the motion IN PART WITH LEAVE TO AMEND.

**I.     BACKGROUND**

    **A.     Factual background**[1]

Mr. Terrell was organizing the contents of his storage unit the night of September 2, 2021. ECF 1 at 10. At approximately 10:52 p.m., City of Petaluma Sergeant Rick Cox and Officers Adam Wirtz, Brandon Haug, Steven Clustka, Jacob Smith were on site looking for suspected "car thieves and drug addicts." *Id.* When the officers encountered Mr. Terrell, they "screamed at him to show his hands and exit his storage unit[.]" *Id.* Mr. Terrell, who is elderly and suffers from medical conditions including a knee injury that "affects his balance, tried to steady himself among

---

[1] The factual background is taken from the allegations in Mr. Terrell's complaint, which are taken as true for the purposes of the instant motion. *See United States ex rel. Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1053 (9th Cir. 2011).

numerous opened boxes and scattered possessions, and attempted to clamber over all the clutter to make his way out of the storage unit" to comply with the officers' commands. *Id.* As Mr. Terrell exited the storage unit, Officers Wirtz and Haug "grabbed [him], spun him around, smashed his head against the metal rollup door of his storage unit and violently flung him face first to the concrete, causing serious scalp and eye wounds and numerous other injuries." *Id.* The officers "then roughly handcuffed [Mr. Terrell], opening up a large gash on his right forehand, exposing flesh and bone beneath." *Id.* at 11. Officer Haug put Mr. Terrell in the back of a patrol car, where Mr. Terrell was left "unattended for about an hour, during which time [his] scalp and face wounds bled profusely." *Id.* Paramedics were called to the scene, but Mr. Terrell "refused treatment, not because he was not injured - he most certainly was - but because he does not have medical insurance and was worried about the attendant cost of treatment." *Id.*

After the officers arrested the suspects that led them to the storage facility, Officer Haug drove Mr. Terrell to the hospital. *Id.* Mr. Terrell again refused treatment out of concern for the cost of medical care. *Id.* When Mr. Terrell eventually returned to the hospital, "he was diagnosed and treated for his injuries, including a traumatic brain injury, prescribed pain medication, placed on medical restrictions, and ordered to follow up within a couple days at Petaluma Health Center." *Id.*

### B.     Procedural background

Following the incident, Mr. Terrell commenced this action in Sonoma County Superior Court on July 25, 2022. ECF 1 at 5. He asserts claims for (1) excessive force under 42 U.S.C. § 1983, (2) violation of due process under Section 1983, (3) false arrest under Section 1983, (4) false imprisonment, (5) unlawful seizure and/or detention under Section 1983,[2] (6) failure to properly train, supervise, and discipline under Section 1983 and *Monell v. Dep't of Soc. Servs. of*

---

[2] Defendants note that the claim for unlawful seizure and/or detention appears on the caption of the complaint but not in the body. ECF 38 at 9 n.2. They argue that as a result, "no such cause of action is asserted against the [Petaluma Police Department] or any other Defendant." *Id.* at 12 n.3. Mr. Terrell explains that the claim was "inadvertently omitted from the complaint" but does not otherwise address Defendants' argument. ECF 40 at 2 n.1. In failing to do so, he has conceded the issue. *See Ardente, Inc. v. Shanley*, No. C 07-4479 MHP, 2010 WL 546485, at *6 (N.D. Cal. Feb. 9, 2010) ("Plaintiff fails to respond to this argument and therefore concedes it through silence.").

*the City of New York*, 436 U.S. 658 (1978), (7) ratification under Section 1983 and *Monell*, (8) unconstitutional policy under Section 1983 and *Monell*, (9) negligence, (10) assault, (11) battery, (12) intentional infliction of emotional distress, (13) violation of the Ralph Act, Cal. Civ. Code § 51.7, and (14) violation of the Bane Act, Cal. Civ. Code § 52.1. ECF 1 at 12-30. Mr. Terrell asserts claims one through four against all Defendants, claims six and seven against the City of Petaluma, the Petaluma Police Department, Chief Ken Savano, and Does 1-50, claim eight against all Defendants, claims nine through twelve against Sergeant Rick Cox and Officers Wirtz, Haug, Clustka, and Smith, and Does 1-50, and claims thirteen and fourteen against all Defendants. *Id.* at 12-30.

Defendants removed the action to this Court on September 22, 2022 and filed their answer on September 29, 2022. ECF 1, 9. They moved for judgment on the pleadings on May 31, 2023. ECF 38. Mr. Terrell filed his opposition to the motion on June 14, 2023. ECF 40. Defendants' reply followed on June 21, 2023. ECF 41.

## II.     LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(c), "[a]fter the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A motion under Rule 12(c) is "functionally identical" to a Rule 12(b)(6) motion, and courts should apply the same standard. *Dworkin v. Hustler Mag., Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989). In ruling on a Rule 12(c) motion, the courts must "accept the facts as pled by the nonmovant." *Cafasso*, 637 F.3d at 1053. A court need not, however, accept conclusory allegations as true. *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 810 (9th Cir. 1988). "Judgment on the pleadings is proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1550 (9th Cir. 1990).

"Courts have discretion to grant leave to amend in conjunction with 12(c) motions, and may dismiss causes of action rather than grant judgment." *Carmen v. San Francisco Unified Sch. Dist.*, 982 F. Supp. 1396, 1401 (N.D. Cal. 1997) (internal quotations and citation omitted). Leave

to amend should be granted unless amendment would be futile. *Cook, Perkiss and Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 246-47 (9th Cir. 1990).

**III.  DISCUSSION**

Defendants' motion "pertains solely to [Mr. Terrell's] improper designation" of two defendants—the Petaluma Police Department and Chief Savano. ECF 38 at 8. The Court will first address the arguments the parties advance with respect to the Department then turn to the arguments concerning Chief Savano.

**A.  The Petaluma Police Department**

Defendants argue that the Petaluma Police Department is not a proper defendant for two reasons. ECF 38 at 11-13. First, the Department is a local government sub-unit and thus not a "person" subject to suit under Section 1983. *Id.* at 11. Second, the Department is a duplicative and redundant defendant because Mr. Terrell already names the City as a defendant. *Id.* at 12-13. Neither argument is grounds for judgment on the pleadings.

**1.  The Department as a defendant under Section 1983**

Citing *Streit v. County of Los Angeles*, 236 F.3d 552 (9th Cir. 2001), Mr. Terrell argues that the Department is a proper defendant. ECF 40 at 5. Mr. Terrell is correct, but neither party cites a key recent decision—*Duarte v. City of Stockton*, 60 F.4th 566 (9th Cir. Feb. 16, 2023), *cert. denied* 143 S. Ct. 2665 (June 26, 2023)—issued almost four months before Defendants filed their opening brief in this case. There, the Ninth Circuit reversed the district court's ruling that the City of Stockton and the Stockton Police Department were not "persons" subject to suit under Section 1983. *Id.* at 573. Reinforcing "longstanding precedent establish[ing] that both California municipalities and police departments are 'persons' amenable to suit under Section 1983," the court explained:

> As to the Stockton Police Department, we held over thirty years ago that municipal police departments in California "can be sued in federal court for alleged civil rights violations." *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 624 n.2 (9th Cir. 1988) (citations omitted). More recently, we reaffirmed this holding and extended it to California's county sheriffs' departments. *Streit v. County of Los Angeles*, 236 F.3d 552, 565-66 (9th Cir. 2001). We have never overruled *Karim-Panahi*.

4

*Duarte*, 60 F.4th at 568, 573-74.  It rejected the district court's reasoning that "*Karim-Panahi* could not be reconciled with a concurring opinion in *United States v. Kama*, 394 F.3d 1236, 1240 (9th Cir. 2005)."  In *Kama*, "without citing *Karim-Panahi* or *Streit*, a judge commented that 'municipal police departments and bureaus are generally not considered "persons" within the meaning of 42 U.S.C. § 1983.'"  *Duarte*, 60 F.4th at 573 (citing *Kama*, 394 F.3d at 1239-40 (Ferguson, J., concurring)).  The Ninth Circuit made clear "[n]either a lone concurring judge nor the full *Kama* panel could overrule *Karim-Panahi*."  *Id.* at 574.

      Here, Defendants urge this Court to adopt the reasoning already rejected in *Duarte*.  ECF 41 at 9.  They argue, in part:

> *Streit* was decided prior to *United States v. Kama*, 394 F.3d 1236 (9th Cir. 2005), in which the Ninth Circuit reaffirmed that "municipal police departments and bureaus are generally not considered 'persons' within the meaning of 42 U.S.C. § 1983." *Id.*, at 1239-1240 (Ferguson, J., concurring), citing *Hervey v. Estes*, 65 F.3d 784, 791 (9th Cir. 1995), *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992), and *SmithBerch, Inc. v. Baltimore County*, 68 F.Supp.2d 602, 626-27 (D.Md. 1999).  The Ninth Circuit does not generally adjudicate matters in conflict with its own authority.  Indeed, there is no conflict here because, as discussed, *Streit* did not adjudicate whether a municipal department is considered a suable "person" under section 1983.  And, as the Ninth Circuit made expressly clear in *Kama*, municipal departments are not suable persons under section 1983.

*Id.*  Defendants' position is no longer tenable post-*Duarte*.

      In line with *Duarte*, *Streit*, *Karim-Panahi*, and the district court decisions adhering to this binding authority, the Court concludes that the Department is subject to suit under Section 1983.  *See Est. of Debbs v. Cnty. of Sacramento*, No. 2:20-CV-01153-TLN-DB, 2023 WL 4108320, at *4 (E.D. Cal. June 21, 2023) ("Recent Ninth Circuit authority makes clear that 'both California municipalities and police departments are "persons" amenable to suit under [Section] 1983.'") (quoting *Duarte*, 60 F.4th at 568); *Leon v. Hayward Bldg. Dep't*, No. 17-CV-02720-LB, 2017 WL 3232486, at *3 (N.D. Cal. July 31, 2017) ("[U]nder the guidance of these Ninth Circuit decisions, this court holds that the Hayward Building Department is a 'public authority' or 'public agency,' hence a 'public entity,' and is a proper [Section] 1983 defendant.") (applying *Streit*).  Accordingly, the Court denies Defendants' motion for judgment on the pleadings as to the Section 1983 claims

asserted against the Petaluma Police Department.

### 2. The Department as a duplicative and redundant defendant

Defendants next argue that the Department is purely "duplicative and redundant" because Mr. Terrell has already named the City as a defendant. ECF 38 at 12-13. Specifically, Defendants point to Mr. Terrell's allegations that the Department "is a 'subdivision' of the City and 'identical' to the City." ECF 38 at 12 (citing Compl. ¶ 5). Defendants read these allegations as an implicit concession the City and the Department "represent the same source of funding for any potential recovery." *Id.* On this basis, they ask both the federal claims and state law claims be dismissed as to the Department. *Id.* In response, Mr. Terrell acknowledges that the Court has discretion to dismiss redundant defendants but argues that he "is the master of his claim and the Court need not unilaterally decide which entities are named." ECF 40 at 5-6. Mr. Terrell adds that Defendants do not argue that he has inadequately alleged liability. *Id.* at 6. In reply, Defendants contend that Mr. Terrell does not dispute that the Department and the City are redundant defendants and that he offers no reason why the Court should not exercise its discretion to dismiss a redundant defendant. ECF 41 at 11. In the absence of any such reason, Defendants argue that the risk of improper double recovery warrants dismissal of the Department as a duplicative defendant, which will simplify and streamline the litigation and preserve judicial resources. *Id.*

As the movants, Defendants must show that "no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." *See Hal Roach Studios*, 896 F.2d at 1550. The Court acknowledges that Mr. Terrell's allegations about the Department suggest it is merely an agency of the City. At this stage, however, the record before the Court is insufficient to support that conclusion as a matter of law. *See Woods v. City of Hayward*, Case No. 19-cv-01350-JCS, 2020 WL 1233841, *5 (N.D. Cal. Mar. 13, 2020) (denying motion to dismiss plaintiff's claims against the police department and noting it was unclear that "dismissing as redundant claims against the Hayward Police Department, while allowing claims against the City of Hayward to proceed, would have any practical effect on the case"). Defendants may renew their argument at a later stage and a more fully developed record. The parties may also explore whether they can reach a stipulation on this issue to avoid unnecessary motions practice.

### B. Chief Savano

Defendants also seek dismissal of Chief Savano. ECF 38 at 13-19. Defendants argue that Mr. Terrell alleges no facts establishing Chief Savano's liability in a personal capacity under Section 1983 or state law. ECF 38 at 13-17; ECF 41 at 12-17. Defendants also argue that any claims asserted against Chief Savano in his official capacity are redundant and duplicative of Mr. Terrell's claims against the City. ECF 38 at 17-19; ECF 41 at 18-19.

Mr. Terrell counters that Chief Savano is liable not because he was personally involved, but because "his action(s) and/or inaction(s) as a supervisor demonstrated deliberate indifference to this pattern and practice of violations of rights by failing to take necessary, appropriate, or adequate measures to ensure the cessation of such conduct." ECF 40 at 6-7. He contends that "[s]uch deliberate indifference amounts to an informal policy or custom, and ratification of said policy or custom resulted in their being another proximate cause of [his] injury[.]" *Id.* at 7.

A supervisor may be liable under Section 1983 "if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (citing *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989)). "'A supervisor can be liable in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates; for his acquiescence in the constitutional deprivation; or for conduct that showed a reckless or callous indifference to the rights of others.'" *Id.* at 1208 (quoting *Watkins v. City of Oakland*, 145 F.3d 1087, 1093 (9th Cir. 1998)).

As Defendants point out, the contentions in Mr. Terrell's opposition brief are untethered to any factual allegations in the complaint. The few paragraphs Mr. Terrell highlights in his opposition brief consist of generalized recitations of the elements his causes of action. *See* ECF 40 at 7. For example, Mr. Terrell alleges that the City, the Department, and the Chief "had a duty to train, supervise discipline, and instruct," "failed to maintain adequate and proper training," and "were deliberately indifferent to the obvious consequences of its failure to train." ECF 1 at 17-19. Mr. Terrell's citation to three lawsuits, which allegedly evidence a history of "excessive force, false/unlawful arrest, and malicious prosecution," *see id.* at 21, is also devoid of any facts from

7

which the Court could draw a proper inference that Defendants "knew or had constructive knowledge that [they] should train [their] law enforcement personnel in proper investigation and detention policies and procedures," *see id.*

Defendants also correctly argue that these pleading deficiencies similarly extend to Mr. Terrell's state law claims, including those for false imprisonment, violation of the Ralph Act, and violation of the Bane Act. In his opposition, Mr. Terrell does not address the lack of factual allegations as to Chief Savano and does not address Defendants' arguments as to the false imprisonment claim at all. *See generally* ECF 40. Instead, he argues, only as to the claimed violations of the Ralph and Bane Acts, that "California law establishes that supervisors may be vicariously liable through for the negligent hiring, supervision, or retention of a police officer that causes damage to a person." ECF 40 at 8. He then acknowledges that California courts have not explicitly addressed this issue,[3] though some "have implicitly held that a Ralph or Bane Act claim can be asserted against a sheriff based on his . . . conduct as a supervisor." *Id.* This Court need not resolve the unsettled legal question at this stage, as Mr. Terrell has failed to meet the settled standard of pleading sufficient facts to plausibly allege a claim against Chief Savano in his personal capacity.

Because Mr. Terrell has failed to plead sufficient facts, the Court dismisses the claims asserted against Chief Savano in his personal capacity. *See Mitchell v. Cnty. of Contra Costa*, 600 F. Supp. 3d 1018, 1034 (N.D. Cal. 2022) (granting motion to dismiss where "complaint contain[ed] no factual allegations to support the inference that any . . . supervisor was personally involved" in underlying wrongful conduct or "that there was a causal connection between a supervisor's wrongful conduct and the [alleged] constitutional violations"); *Arteaga v. City of Oakley*, No. 19-CV-05725-JCS, 2020 WL 511876, at *7 (N.D. Cal. Jan. 31, 2020) (granting motion to dismiss where allegations were of supervisory liability were "entirely conclusory" and there were "[n]o specific facts are alleged that would support a plausible inference . . . [of] . . . any causal connection between the Officer Defendants' conduct and the unconstitutional conduct of

---

[3] Defendants agree on this point. *See* ECF 41 at 16 ("California courts have still not squarely addressed the issue of whether supervisory liability exists under the Bane Act or Ralph Act.").

any supervisor."). Because leave to amend should be freely granted, the Court will grant Mr. Terrell leave to amend his claims against Chief Savano in his personal capacity.

Defendants' final argument is that any claims asserted against Chief Savano in his official capacity are redundant and duplicative of those asserted against the City. ECF 41 at 18. "This position is well-established in the caselaw." *Gillespie v. Cnty. of Alameda*, No. 20-CV-03735-DMR, 2020 WL 5106858, at *3 (N.D. Cal. Aug. 31, 2020). When both a municipal officer and a local government entity are named, and the officer is named in an official capacity, the court may dismiss the officer as a redundant defendant. *Id.* (citation omitted). "There is no longer a need to bring official capacity actions against local government officials [because] under *Monell* . . . local government units can be sued directly for damages and injunctive or declaratory relief.")). *Haines v. Brand*, No. C-11-1335 EMC, 2011 WL 6014459, at *3 (N.D. Cal. Dec. 2, 2011) (citing *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985) (modifications in original)).

The sole case Mr. Terrell cites on this issue—*Fireman's Fund Ins. Co. v. City of Lodi, California*, 302 F.3d 928, 957 (9th Cir. 2002)—does not render established caselaw inapplicable. In *Fireman's Fund*, "the municipal officers 'we[re] classic *Ex Parte Young* defendants' and the official capacity claims [we]re necessary to 'effectively foreclose any assertion by Lodi of Eleventh Amendment Immunity.'" Defendants point out that in this case, "the City has never asserted Eleventh Amendment Immunity . . . nor can it." ECF 41 at 18. Indeed, "cities and counties do not enjoy Eleventh Amendment immunity." *Ray v. Cnty. of Los Angeles*, 935 F.3d 703, 713 (9th Cir. 2019). *Fireman's Fund* thus provides no reason to sustain Mr. Terrell's claims against Chief Savano in his official capacity. Those claims are dismissed without leave to amend. *See Crosby v. Cnty. of Alameda*, No. 20-CV-08529-MMC, 2021 WL 764120, at *3 (N.D. Cal. Feb. 26, 2021) (dismissing claims asserted against officer in her official capacity without leave to amend as duplicative of the claims asserted against the county).

//
//
//
//

## IV. CONCLUSION

For the reasons set forth above, Defendants' motion for judgment on the pleadings is granted in part and denied in part with leave to amend. Any amended complaint must be filed within 21 days of this order.

**IT IS SO ORDERED.**

Dated: September 2, 2023

**A**RACELI **M**ARTÍNEZ-**O**LGUÍN
**United States District Judge**